# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LYNDSAY CAFAGNO,
    *Plaintiff*,

    v.

PARTY CITY CORPORATION,
    *Defendant*.

No. 3:19-cv-00442 (JAM)

## ORDER RE DISCOVERY DISPUTE

This case is about a claim for employment discrimination by plaintiff Lyndsay Cafagno against her former employer defendant Party City Corporation. On July 28, 2020, I conducted a hearing with counsel regarding a discovery dispute, and this ruling sets forth the Court's disposition of the dispute in accordance with the Court's findings and conclusions as stated on the record at the hearing.

### 1. *Deposition of Jim Viola*

In anticipation of the upcoming supplemental deposition of Jim Viola which the Court has previously allowed for a limited purpose, plaintiff seeks permission to serve Jim Viola with a subpoena for the meeting notes of Isabel Arcay and to inquire of Jim Viola about such meeting notes. Doc. #94 at 1. This request is premised on an assertion by plaintiff's counsel that Arcay gave Viola her handwritten notes. Specifically, plaintiff's counsel represents on the basis of a recent deposition of Arcay that Arcay took handwritten notes in a notepad during meetings with the plaintiff and that when Arcay left the company, "[t]his 'notepad' was then provided [by Arcay] to Jim Viola during an exit interview." *Id.* at 2.

This claim, however, is contradicted by the portion of the deposition statement attached to plaintiff's own submission. Doc. #94-2. Arcay's deposition states that she left her notepad in

1

her office when she had her exit interview with Jim Viola and that she has "no idea" who "has

possession of that notepad." *Id.*

> Q. Let me rephrase. Did you take any notes during any of the
> meetings, Isabel?
> A. Yes, I did.
> Q. Okay. And how would you take those notes? Were they
> handwritten or on a computer?
> A. Handwritten.
> Q. And do you know where those handwritten notes are?
> A. In the notepad.
> Q. Who has possession of that notepad?
> A. I have no idea. Those things stay in the office when I left. I
> mean, those are part of company records.
> Q. Did you ever -- when you --
> MR. ADAMUCCI: Strike that.
> BY MR. ADAMUCCI:
> Q. Did you hand over that notepad to a particular person when you
> left Party City?
> A. I left everything in the office when I did the exit interview,
> which is everything there.
> Q. Okay. And who conducted that exit interview?
> A. My boss.
> Q. And who was your boss, ma'am?
> A. Jim Viola.
> Q. So did you -- when you were present during these meetings, did
> you notice anyone else taking notes?
> A. I can't say I did. I don't recall.

*Id.*

Nothing in the deposition remotely suggests that Arcay provided her notebook or notes to

Viola. Because the premise for plaintiff's claim that Arcay provided her notebook to Viola is

clearly untrue, the Court DENIES plaintiff's request to serve Jim Viola with a subpoena for the

meeting notes of Isabel Arcay and to allow inquiry of Viola about such meeting notes at his

supplemental deposition. The supplemental deposition of Viola shall proceed on **July 30, 2020**

as scheduled by the parties.

### 2. *Plaintiff's motion for spoliation of evidence sanctions (Doc. #99)*

Plaintiff seeks spoliation sanctions on the ground of defendant's alleged failure to preserve Isabel Arcay's handwritten meeting notes and notepad. Doc. #99. This motion is based in part on plaintiff's claim that "Mrs. Arcay testified [in her deposition] that she took 'handwritten notes' that were kept in a 'notepad,'" and that "[t]his 'notepad' was then provided to Jim Viola during an exit interview." Doc. #99 at 2. The motion goes on to state that "Jim Viola failed to explain, during his deposition, that Mrs. Arcay's notepad had been given to him . . . ." *Id.*

As detailed above, this claim by plaintiff's counsel that Arcay provided her notebook to Viola finds no support in and is contradicted by Arcay's deposition testimony. Plaintiff's counsel repeated this false claim about Arcay's deposition testimony in plaintiff's spoliation motion even after the falsity of this claim was pointed out by opposing counsel. Doc. #98 at 1. I conclude that this claim was knowingly or recklessly false and that it was done in hopes of gaining an improper litigation advantage.

Accordingly, in light of the misconduct of plaintiff's counsel, the Court DENIES with prejudice plaintiff's motion for spoliation of evidence sanctions. However, defendant's counsel shall conduct a renewed search for Arcay's notebook or any of Arcay's meeting notes and by **August 11, 2020**, shall file an affidavit with the Court concerning the precise scope of the search efforts and results and, if the materials are found, shall forthwith furnish them to plaintiff.

### 3. *Defendants' requests for unemployment and disability information*

Defendants' seek compliance with their discovery requests to plaintiff regarding any documents concerning claims for unemployment and disability benefits. Doc. #95 at 3-4. Plaintiff shall fully respond to these requests by **August 11, 2020**, including information

concerning any claims, benefits, or communications with respect to unemployment and disability benefits. Plaintiff's response shall include not only the answers requested by defendant concerning any claims she made but also any responsive documents and shall include an affidavit of plaintiff stating precisely the efforts plaintiff made to recover and produce all responsible documents.

It is so ordered.

Dated at New Haven this 29th day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge